TROOP A RIDING ACADEMY *v.* STEVERDING.

(Decided April 20, 1931.)

*Mr. J. R. Kistner* and *Messrs. Bulkley, Hauxhurst, Jamison & Sharp,* for plaintiff in error.
*Mr. A. F. Gaughan,* for defendant in error.

LEVINE, P. J. Defendant in error, Helen G. Steverding, recovered a judgment against plaintiff in error in the sum of $1,000. Error proceedings are prosecuted to this court seeking a reversal of said judgment.

The defendant in error's petition set forth that the plaintiff in error was a corporation organized under the laws of Ohio, that it conducted a riding academy and invited the public to patronize the same by hiring horses for rides, and that it held itself out to the public as owning and providing proper and suitable horses for hire.

It is alleged in the petition that on or about July 15, 1928, defendant in error rented a horse from plaintiff in error; that prior to the renting of the same she informed plaintiff in error that she was an inexperienced rider and requested a horse for riding that was not spirited, that was gentle, docile, easily controlled and slow going; that plaintiff in error represented to her that it had such a horse, and did furnish to her a certain horse as possessing the qualifications requested.

The petition further alleges that when defendant in error mounted the horse and proceeded to ride it the horse without any act on her part suddenly started away with a rapid speed, with an uneven gait, and beyond her control; that despite her efforts the horse could not be controlled, could not be checked; that in consequence of same she was thrown from the horse and fell on her shoulder and sustained certain injuries.

The petition concludes that defendant, meaning the plaintiff in error, knew or should have known the traits of the horse rented; that defendant misrepresented the horse to her and by reason of said misrepresentations induced her to ride same, and that she was in no way responsible for her injuries.

As we gather from the argument and brief of defendant in error, the action is based on a breach of contract. We quote, from the brief of defendant in error: "In this case we rely upon the express warranty and also upon the implied warranty."

A perusal of the record fails to disclose any express warranty. Nor does the record disclose any breach of an implied warranty.

The horse in question went by the name of "Comet." She rode the same horse on the previous day and found it satisfactory. When she came the next day she talked with the man in charge, stated that she had ridden only once, was still inexperienced, and wanted a horse that was quiet and slow going without much spirit. He offered her the same horse and said he thought the horse would be satisfactory for what she wanted. It is not unreasonable to infer that in choosing Comet on the second day she relied in the main upon her own experience the preceding day, on which she found the horse quite satisfactory.

There is no evidence in the record that the particular horse which plaintiff rode on the day the accident occurred had at any time exhibited any vicious traits, or that the horse was anything but gentle, docile and slow going.

Livery stable keepers who let animals for hire are bound to exercise ordinary care and diligence in providing an animal suitable for the purpose for which it is hired. The common-law duty which imposes the obligation to exercise ordinary care is apparently not involved in this case, as the petition, according to the brief and argument of counsel, was intended to be an action based upon contract and for

breach of warranty. A bailor for hire impliedly warrants that a thing bailed is free from any secret fault rendering it unfit for the purpose for which it is intended.

We must bear in mind the distinction between a mere warranty and an insurance policy. The obligation which is sought to be fastened upon plaintiff in error in this case seems to us to be in the nature of an absolute guaranty against accident, rather than an obligation based upon a warranty.

There is nothing in the record to disclose any secret fault which rendered Comet unfit for the purpose for which intended. On the contrary the evidence seems to indicate that to all appearances the horse was all that plaintiff desired, especially since she found the horse that way when she rode it on the day previous.

We are, therefore, of the opinion that the allegations of the petition are not supported by a preponderance of the evidence, and that the verdict reached by the jury is manifestly against the weight of the evidence.

Holding as we do, the judgment of the common pleas court is reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

WEYGANDT and VICKERY, JJ., concur.